UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES ex rel. NORTHEAST CONCRETE PRODUCTS, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Docket No. 05-135-P-C |
| M. A. MORTENSON COMPANY, et al., | ) ) ) | |
| Defendants | | |

MEMORANDUM DECISION ON MOTIONS FOR STAY AND RECOMMENDED
DECISION ON MOTION TO DISMISS

      Defendants Federal Insurance Company and Saint Paul/Travelers Casualty & Surety Company of America move, pursuant to 9 U.S.C. § 3, for a stay pending the completion of arbitration. Motion for Stay, etc. ("First Stay Motion") (Docket No. 13).  The plaintiff does not oppose this motion, Plaintiff Northeast Concrete Products, LLC's Limited Objection to Defendants' Motion to Stay, etc. (Docket No. 15) at 1.  The remaining defendant, M. A. Mortenson Company, for which the insurer defendants are sureties on the underlying claim, moves to dismiss.  M. A. Mortenson Company's Motion to Dismiss, etc. ("MAM Motion") (Docket No. 14).  In response, the plaintiff has filed a motion to stay its action against Mortenson pending arbitration that is underway in Minneapolis, Minnesota. Plaintiff's Motion to Stay Pending Arbitration, etc. ("Plaintiff's Motion") (Docket No. 16) at 1.

### I  Applicable Legal Standard

      The motion to dismiss invokes Fed. R. Civ. P. 12(b)(6).  MAM Motion at 1.  "[I]n ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual

1

allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The defendants are entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff[s] would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001); *see also Wall v. Dion*, 257 F. Supp.2d 316, 318 (D. Me. 2003).

## II.  Factual Background

The plaintiff characterizes this action as a "Miller Act suit." Complaint (Docket No. 1) at 1. There seems to be no dispute that the plaintiff entered into a subcontract with Mortenson in September 2003 pursuant to which it furnished material and labor on a construction project at the Portsmouth Naval Shipyard in Kittery, Maine. *Id*. ¶¶ 8-9, MAM Motion at 2-3. There is also no dispute that the other two defendants in this action, Federal Insurance Company and Saint Paul/Travelers Casualty & Surety Company of America, acted as sureties for Mortenson, issuing a payment bond with respect to the project. Complaint ¶ 9; First Stay Motion at 1. Finally, there is no dispute that the claims set forth in Counts II and III of the instant action, alleging breach of contract and wrongful termination, Complaint ¶¶ 29-39, are currently being arbitrated by the plaintiff and Mortenson in Minneapolis, Minnesota, or that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., applies to these claims. MAM Motion at 1-2, 7; Plaintiff's Motion at 1. Count I of the complaint in this case seeks recovery under the Miller Act, 40 U.S.C. § 3131 *et seq*. Complaint ¶¶ 25-28.

## III.  Discussion

Mortenson contends that dismissal of all claims asserted against it in this action is required by the FAA. MAM Motion at 7. It asserts in the alternative that the plaintiff's prior conduct estops it from bringing this action. *Id*. at 9-11. The plaintiff responds that Mortenson is "a proper party to a

2

Miller Act claim even where the underlying dispute is arbitrable." Plaintiff Northeast Concrete Products, LLC's Objection to Defendant's Motion to Dismiss, etc. ("Plaintiff's Opposition") (Docket No. 20) at 1. It asserts that "this action was commenced to preserve Northeast's right to recover from Mortenson's sureties" and that the FAA requires that this court stay this action while the arbitration proceeds. Plaintiff's Motion at 1-2.

Mortenson asserts that this court cannot provide relief to the plaintiff on the claims asserted in the complaint, cannot direct the arbitration and cannot later modify or vacate any award that may result from the arbitration. MAM Motion at 7. It is true that only the federal court in the jurisdiction where an arbitration is taking place may take any action that will affect the arbitration. 9 U.S.C. § 4. However, the terms of the FAA with respect to modification or vacating of arbitration awards do not restrict the venue for such actions to the jurisdiction in which the arbitration took place. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202-03 (2000); *see also Union Water Power Co. v. Local Union No. 42*, 2000 WL 761632 (D. Me. Feb. 16, 2000), at 7 n.3. And, in any event, this argument appears to be somewhat beside the point; the plaintiff's complaint by its terms does not ask this court to do anything with respect to the arbitration currently underway in Minnesota.

The important point here is that the parties agree that the claims raised against Mortenson in this complaint are in fact currently being arbitrated in Minnesota. The plaintiff asserts that by stating these claims in this action it "has merely provided itself with a convenient forum for it to seek confirmation of an eventual arbitration award while it simultaneously pursues its Miller Act claims against FIC and Saint Paul, if necessary." Plaintiff's Opposition at 8. However, the federal court system is not available for such a preemptive or place-holding use. A complaint must state a claim that presents an actual controversy between the parties, not one that may or may not become a dispute at some time in the future. *See, e.g., Maher v. Hyde*, 272 F.3d 83, 86 (1st Cir. 2001); *Maine Ass'n of*

*Interdependent Neighborhoods, Inc. v. Petit*, 700 F. Supp. 75, 77 (D. Me. 1986). The complaint in this action does not seek confirmation or vacation of an arbitration award, nor could it. What it does allege is claims that are presently subject to arbitration and accordingly not claims on which this court may grant relief.

The plaintiff also states that "[t]he Complaint included Mortenson as a party to avoid any possible argument that Northeast's Miller Act claims should be dismissed for failure to join Mortenson as a[n] indispensable or necessary party to this case." Plaintiff's Opposition at 3. No such argument could be made by the sureties because under the Miller Act a suit may be maintained by a subcontractor against the surety without joining the insured general contractor. *United States ex rel. Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995). The plaintiff contends that because it *may* join the general contractor in a Miller Act lawsuit, Mortenson may not be dismissed from this action. That contention misses the point. The only claims alleged against Mortenson in the complaint as it is written are claims that are currently under arbitration in another forum; no Miller Act claim is alleged against Mortenson. Again, no claim is asserted against Mortenson in this action on which relief may be granted by this court.

### IV. Conclusion

For the foregoing reasons, the motion to stay filed by defendants Federal Insurance Company and Saint Paul/Travelers Casualty & Surety Company of America (Docket No. 13) is **GRANTED**. I recommend that the motion of defendant M.A. Mortenson Company to dismiss (Docket No. 14) be **GRANTED**. If the court adopts my recommendation, the plaintiff's motion for stay (Docket No. 16) will be rendered moot.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of February, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge