*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| UNITED STATES ex rel. NORTHEAST CONCRETE PRODUCTS, LLC, | ) ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Docket No. 05-135-P-C |
| M. A. MORTENSON COMPANY, et al., | ) ) ) | |
| *Defendant* | ) | |

***RECOMMENDED DECISION ON DEFENDANT M. A. MORTENSON COMPANY'S MOTION FOR RULE 11 SANCTIONS***

M. A. Mortenson Company ("Mortenson"), one of the named defendants in this action, moves for sanctions against Northeast Concrete Products, LLC and its counsel under Fed. R. Civ. P. 11. M. A. Mortenson Company's Motion for Rule 11 Sanctions, etc. ("Motion") (Docket No. 22). I recommend that the court deny the motion.[1]

The court has adopted, Docket No. 27, my recommendation that the claims raised in this action by Northeast Concrete Products against Mortenson be dismissed, Docket No. 23. Mortenson now asserts that those claims were brought in bad faith, entitling it to an award of sanctions under Rule 11. Motion at 1-2. However, Mortenson's motion and the documents submitted in support fail to demonstrate compliance with the relevant portions of Rule 11, which state as follows:

---

[1] Although the question whether a Rule 11 motion for sanctions is dispositive or non-dispositive is unresolved in this circuit, *see, e.g., Lancelloti v. Fay*, 909 F.2d 15, 17 n.2 (1st Cir. 1990) (declining to decide this "vexing standard-of-review question"), in an abundance of caution I have framed this opinion as a recommended decision, *see, e.g., Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996) (noting that, in face of split among circuits, the Court of Appeals for the Seventh Circuit (*continued on next page*)

1

>**(b) Representations to Court**. By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
>   \* \* \*
>
>>**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .
>
>**(c) Sanctions**. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
>>**(1) How Initiated.**
>>
>>**(A) By Motion**. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper . . . is not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11.

Compliance with this "safe harbor" provision of Rule 11 is mandatory. *Dimmitt v. Ockenfels*, 220 F.R.D. 116, 127 (D. Me. 2004). Rule 11(c)(1) prohibits the filing of a motion for sanctions unless it has been served on the party against whom sanctions are sought not less than 21 days before the motion is filed. By the terms of Rule 11(c), this court cannot impose sanctions under that rule unless the requirements of the "safe harbor" provision have been met. "[T]he safe-harbor provisions of Rule 11 are inflexible claim-processing rules and . . . a district court exceeds its authority by imposing sanctions requested through a procedurally-deficient Rule 11 motion." *Brickwood Contractors Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004).

---

had chosen to adopt "reasoning that a request for sanctions, regardless of when made, is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3)."

Here, Mortenson has made no showing in any of its motion papers of compliance with the "safe harbor" prerequisites of Rule 11. This omission is fatal inasmuch as this court is under no obligation to look beyond the motion papers to satisfy itself that Mortenson has in fact fully complied with the "safe harbor" provision. *See* Local Rule 7(f).

Accordingly, I recommend that Mortenson's motion for sanctions be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of March, 2006.

        /s/ David M. Cohen
        David M. Cohen
        United States Magistrate Judge